UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD WILLIAMS, | ) | CASE NO. 1:06 CV 2269 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| GERALD E. FUERST, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

On September 20, 2006, plaintiff <u>pro se</u> Ronald Williams filed the above-captioned action under 42 U.S.C. § 1983 against Cuyahoga County Common Pleas Court Clerk of Court Gerald E. Fuerst. In the complaint, plaintiff alleges he was not served with a copy of a judgment entry and a copy of a reply to a motion to dismiss. He seeks $ 2,000,000.00 in damages.

## Background

Mr. Williams was named in a 17 count indictment in July 2004. He entered a guilty plea on September 1, 2004 to two counts of forgery, one count of tampering with records, one count of grand theft, two counts of passing bad checks, and one count of theft. Ten other counts were dismissed by the prosecution pursuant to the plea agreement. Mr. Williams was sentenced on September 22, 2004.

In January 2005, Mr. Williams filed a Motion to Withdraw his Guilty Plea. One year went by without a ruling from the court. On March 6, 2006, he filed a Petition for a Writ of Mandamus in the Ohio Eighth District Court of Appeals against the trial judge seeking to compel her to address his Motion. That same day, the trial judge issued her decision regarding his Motion to Withdraw Guilty Plea and denied him relief. On March 7, 2006, the day after ruling on the Motion to Withdraw Guilty Plea, the trial judge filed a Motion to Dismiss the Mandamus action. Mr. Williams claims he did not receive a copy of this Motion to Dismiss. He filed a Motion to Compel service of the trial judge's Motion to Dismiss. The Motion was denied by the Court of Appeals on August 18, 2006 stating that the Motion to Compel was moot as the trial judge served the Motion for a second time on April 13, 2006. Mr. Williams denies that he received this Motion.

Mr. Williams also claims he did not receive a copy of the journal entry denying his Motion to Withdraw Guilty Plea. He claims that to file a Notice of Appeal, the Appellee must include a copy of the journal entry dismissing the case. Mr. Williams requested a copy of the final journal entry denying his Motion for Guilty Plea. He contends that although he paid for the copy on March 13, 2006, he did not receive it until April 6, 2006. He filed his Notice of Appeal the next day, April 7, 2006. The appeal was dismissed on June 14, 2006. He claims he was denied his day in court.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v.

Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, Mr. Williams brings his claims against Mr. Fuerst in his official capacity as the Clerk of Court for the Cuyahoga County Court of Common Pleas under the theory that, as the supervisor of the department charged with maintaining the court's files, he is liable for errors committed by his office personnel. An official capacity damages action against a state or municipal officer is the equivalent of a damages liability litigation targeted against the public entity which he or she represents. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Consequently, Mr. Williams's official-capacity federal claims against Gerald Fuerst are the equivalent of claims asserted against Cuyahoga County, the public entity for which he is employed.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 692- 94 (1978). A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. Id. When execution of a government's policy or custom, whether made by its lawmakers or by those whose actions may fairly be said to represent official policy, inflicts the injury, the government as an entity may be responsible under § 1983. Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770,

3

786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of Cuyahoga County, or its Common Pleas Court which may have resulted in the deprivation of a federally protected right of the plaintiff.

To the extent that Mr. Williams is attempting to assert this action against Mr. Fuerst in his individual capacity, his claims would still be dismissed. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Liability must lie therefore upon more than a mere right to control employees and cannot rely on simple negligence. Id. There is no suggestion in the pleading that Mr. Fuerst was personally responsible for failing to provide copies of a Motion and a journal entry to the plaintiff. The claims against him must be dismissed.

Finally, even if Mr. Williams had set forth allegations to suggest Mr. Fuerst was personally involved in delaying the service of documents or the mailing of copies, the claims against him would still require dismissal. Although Mr. Williams does not state a specific cause of action against Mr. Fuerst, it appears that he was attempting to assert a claim for denial of access to the courts. To establish a claim for violation of that First Amendment right, the prisoner must allege that he suffered an "actual injury," see Lewis v. Casey, 518 U.S. 343, 354-55 (1996); Harbin-Bey v. Rutter, 420 F.3d 571, 578 (6th Cir.2005), and, that more than mere negligence by a state actor caused the injury. See Gibbs v. Hopkins, 10 F.3d 373, 379 (6th Cir.1993) ("These actions, if proven, and if intentional, support the claim that prison officials are attempting to deny prisoners effective access to the courts.") Mr. Williams's claim that Mr. Fuerst impeded his access

to courts requires him to allege intentional conduct. Sims v. Landrum, No. 05-1322, 170 Fed.Appx. 954, 956 (6th Cir. March 14, 2006). By contrast, when access to courts is impeded by mere negligence, no constitutional violation occurs. Id. The allegations in the complaint, at best, suggest that Mr. Fuerst may have been negligent in failing to see that the copies Mr. Williams requested were promptly mailed to him. An injury caused by negligence, however, is not sufficient to demonstrate a "deprivation" of any constitutionally protected interest. Id. In addition, there is no reasonable indication that Mr. Fuerst was required to serve Mr. Williams with a copy of the trial judge's Motion to Dismiss the mandamus action. Under the Ohio Rules of Appellate and Civil Procedure, the party filing the motion, not the Clerk of Court, is responsible for serving a copy of the Motion on the other parties to the action. OHIO R. APP. P.13(B); OHIO R. APP. P15(A), OHIO R. Civ P. 5. Mr. Williams's inclusion of Mr. Fuerst's name to his Motion to Compel Service does not alter this responsibility or shift the burden of service to him.

## Conclusion

Accordingly, this action is dismissed as pursuant to 28 U.S.C. § 1915A. Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

  s/Ann Aldrich
ANN ALDRICH
January 3, 2007                       UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.